**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CA NO. |
| | § | |
| | § | |
| | § | |
| EDINBURG CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Jane Doe, complains of Defendant, and for cause of action shows:

**I.**
**NATURE OF THIS CASE**

1. This action for damages arises from the false imprisonment, sexual assault, and rape of then sixteen-year-old Jane Doe.

Francisco Coronado Badillo ("Badillo") became Jane Doe's teacher at Robert Vela High School in Spring 2017. Robert Vela High School is part of Edinburg Consolidated Independent School District ("Edinburg CISD")("School"). Badillo has a criminal history. For months, starting in March 2017, Jane Doe had repeatedly been removed from her class room by Badillo. For extended, unsupervised time periods, Badillo would take Jane Doe against her will to an empty classroom and a storage room on the school's campus. Therein, Badillo subjected Jane Doe to repeated incidents of sexual assault and rape. Badillo also raped Jane Doe at his sister's house.

Jane Doe told Badillo that she did not want to have sex. Badillo repeatedly threatened Jane Doe to remain silent and to tell no one about their encounters or else she would get into trouble.

The horrific events suffered by Jane Doe is **not** the first time that a student had been sexually assaulted and sexually harassed by Badillo at Edinburg CISD. Badillo had sex with other female students, impregnating at least one of them. He also attended parties with the students and provided them with illegal drugs and alcohol. A recent graduate had reported Badillo's conduct to the school prior to March 2017 but the school failed to take action. Badillo remained on the campus, continuing to prey on vulnerable children such as Jane Doe. Francisco Coronado Badillo was charged with sexual assault and improper relationship between an educator and student. Badillo was recently found guilty and convicted of sexual assault in the second degree on August 26, 2019, sentenced to four years in prison.

2.   Jane Doe is the Plaintiff in this case who has suffered injuries. She brings this case against Edinburg CISD for its failure to establish policies and procedures to prevent harm to underage students like Jane Doe, for Edinburg CISD's deliberate indifference to ensure a safe environment for underage students like Jane Doe, for Edinburg CISD's deliberate indifference in establishing appropriate policies and procedures for the reporting, and investigating, potential sexual abuse of children, for its failure to protect underage students like Jane Doe, and for its negligence in the supervision of Francisco Coronado Badillo.  Plaintiff seeks punitive damages against Defendant.

## II.
## PARTIES

3.      Plaintiff Jane Doe is an individual residing in Texas. Jane Doe's real name is being withheld to protect her privacy. Plaintiff was at all relevant times herein, a minor. At all material times, Plaintiff was a resident of Hidalgo County, State of Texas.

4.     Defendant, Edinburg Consolidated Independent School District is a public independent school district in Edinburg, Texas. It can be served through its superintendent: Gilberto Garza, Jr., 411 8th Avenue, Edinburg, Texas 78539.

**III.**
**JURISDICTION & VENUE**

5.     The actions complained of herein occurred in this Honorable Division and District. Venue is therefore proper in accordance with 28 U.S.C. § 1391.

6.     Plaintiff brings this case against Defendant Edinburg CISD pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution.

7.     Plaintiff also brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

**IV.**

**FACTUAL BACKGROUND**

8.     Jane Doe was a happy and hardworking sixteen-year-old girl. Prior to the assaults and rape, Jane Doe loved school and loved sports. She loved all the things that other girls of the same age enjoy.

9.     Jane Doe began taking classes from Badillo at Edinburg CISD's Robert Vela High School ("Robert Vela") in the Spring of 2017. Francisco Badillo is a man in his mid-30s who was employed as a Career and Technical Education Teacher at Robert Vela. Badillo had a criminal history but nevertheless Edinburg CISD hired Badillo as a teacher.

10.     The unwanted advances began with Badillo making a comment to Jane Doe stating she looked "hot" when she wore a pair of jeans, a nice top and sandals to school one day. Badillo progressed from inappropriate comments to uncomfortable touching when he rubbed the back of

3

Jane Doe's leg while at school one day. Badillo also kissed Plaintiff without her consent. Approximately three weeks after Badillo rubbed the back of Jane Doe's leg, he began pulling her out of classes with regularity. At the time of Badillo's first sexual advance, he pulled Jane Doe out of her fourth period class, brought Jane Doe to his wife's classroom, and proceeded to sexually assault her. He held her arms down and forcefully inserted his penis into Plaintiff's anus. There is video surveillance footage of Badillo escorting Plaintiff into the classrooms.

11.     Jane Doe was terrified and traumatized during every encounter. She repeatedly told Badillo she did not want to have sex. Her superior, someone she trusted completely, continued to pull her out of class and force himself upon her. On a separate and later occasion, Badillo pulled Plaintiff out of her eighth period class to make plans to meet after school, and told her to meet him outside the school where he would pick her up. On this occasion, Badillo picked up Plaintiff in his truck and drove the two of them over to his sister's house. While at his sister's house, Badillo consumed alcohol before bringing Plaintiff into one of the bedrooms, where he proceeded to rape her. He then asked her whether she wanted to have oral sex which she refused. All the while, Badillo told Jane Doe that he would help her with her grades. Jane Doe felt violated and disgusted.

12.     On this particular occasion, Jane Doe would have normally been at power lifting practice at the school and yet no one seemed to observe or notice that she was missing, nor was there any inquiry into her whereabouts despite the fact that she should have been present and accounted for.

13.     Upon information from various witnesses, Badillo had a known history of partying with students, supplying students with drugs and there was even an allegation that he had impregnated a student at Robert Vela High School several years prior. Additionally, Badillo was known to regularly make sexual and racial jokes in the classroom setting.

14.     A recent graduate student of Robert Vela reported Badillo's misconduct in February 2017 to the school administration but the school failed to take any action, allowing Badillo to continue to abuse other students.

15.     Additionally, there is evidence to suggest that Badillo regularly allowed students, including Plaintiff, to input grades for peers/other students in their class which is wholly inappropriate and appalling.

16.     Badillo clearly had a history of acting inappropriately from giving students leeway in class, to inappropriate and offensive remarks, unwanted physical contact and sexual intercourse with minor students.

17.     On or around May 25, 2017, a student tipped off the Principal that Badillo was taking Jane Doe out of class and into another classroom. A campus police officer was on duty at the high school and was summoned to the front office of the school to make contact with Jane Doe in reference to an urgent matter. In the presence of the officer and the Assistant Principal, Jane Doe made an official outcry stating that she had sexual relations with a teacher she identified as Francisco Badillo III. Upon information and belief, the school advised Badillo to resign and said that he could transfer to another school once the investigation was complete. The school also told Plaintiff that these events should not have happened and that the school should have kept a closer watch on Badillo.

18.     Jane Doe states she was bullied mercilessly by other students in person and on the Internet once it was revealed that she was raped, referring to her as a "whore" and "slut" and saying "she deserved to be raped". Due to the rape, harassment and bullying, Jane Doe was forced to withdraw from Robert Vela and move out of the city. She is currently seeking counseling for suicidal thoughts, major depression and anxiety. Plaintiff has trouble sleeping, plagued by

nightmares of the assault. Her relationships with her mother and father and her close friends have deteriorated. Plaintiff states that she struggles to maintain a normal sexual relationship with a man because she feels like she is "getting raped all over again." Jane Doe's life will never be the same again.

19.     Francisco Coronado Badillo has recently been found guilty and convicted of sexual assault in the second degree on August 26, 2019, sentenced to four years in prison.

**V.**

**DEFENDANT'S WRONGFUL CONDUCT**

**A.     Violation of 42 U.S.C. § 1983 and the 14th Amendment of the U.S. Constitution.**

20.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully below.

21.     Plaintiff Jane Doe has a right under the 14th Amendment to the United States Constitution to personal security and bodily integrity and Equal Protection of Laws.

22.     Defendant was a state actor acting under the color of state law.

23.     Defendant subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate Francisco Coronado Badillo's misconduct; failing to appropriately discipline Badillo; failing to adequately train and supervise Badillo; and manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by one of its teachers.

24.     Defendant Edinburg CISD was at the time of events complained of within, a policymaker for the purpose of implementing the School District's unconstitutional policies or customs.

6

25.     Defendant Edinburg CISD's deliberate indifference was the moving force, or the cause, of Plaintiff's injuries. Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment and assault fostered as a direct and proximate result of Defendant Edinburg CISD's deliberate indifference to her rights under the Fourteenth Amendment.

**B.      Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. (The School's Deliberate Indifference to Alleged Sexual Harassment and Sexual Assault).**

26.     The sex-based harassment, sexual assault and rape articulated in Plaintiff's allegations were so severe, pervasive and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

27.     Defendant Edinburg CISD created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a)("Title IX").

28.     Defendant had actual knowledge of the sexual assault and sexual harassment created by its failure to investigate and discipline Badillo in a timely manner and consistent with its own policy and federal and state law.

29.     Defendant's failure to promptly and appropriately respond to the alleged sexual assault and sexual harassment, resulted in Plaintiff, on the basis of sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

30.     Defendant failed to take immediate, effective remedial steps to resolve the complaint(s) of sexual harassment and assault and instead acted with deliberate indifference.

31.     Defendant and its officials persisted in its actions and inaction even after it had actual knowledge of Badillo's harmful conduct.

32.     Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment and assault fostered as a direct and proximate result of Defendant Edinburg CISD's deliberate indifference to her rights under Title IX.

**C.      Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. (The School Created a Hostile Environment).**

33.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully below.

34.     The sex-based harassment, sexual assault and rape articulated in Plaintiff's general allegations were so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

35.     Defendant Edinburg CISD created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX").

36.     Defendant Edinburg CISD had actual knowledge of the sexual assault and the resulting harassment of Plaintiff created by its failure to investigate and discipline Badillo in a timely manner and consistent with its own policy and federal and state law.

37.     Defendant Edinburg CISD failed to promptly and appropriately respond to the alleged sexual harassment, assault and rape which resulted in Plaintiff, on the basis of sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

38.     Sexual assault allegations give rise to the duty of Defendant to determine if the Plaintiff is in a hostile environment. Plaintiff is entitled to the Title IX protection against having a hostile environment.

39.     The behavior of Defendant and its officials created an additional hostile environment and worsened an already existing one.

40.     Defendant failed to take immediate, effective remedial steps to resolve the complaints of Badillo's conduct and instead acted with deliberate indifference toward Plaintiff.

41.     Defendant persisted in its actions and inaction even after it had actual knowledge of Badillo's conduct.

42.     Even though Defendant had knowledge of Badillo's conduct, Defendant never informed the parents or the students. Defendant failed to terminate Badillo from his position and ban him from campus.

43.     Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment and assault fostered as a direct and proximate result of Defendant Edinburg CISD's deliberate indifference to her rights under Title IX.

**D.    Violation of 42 U.S.C. § 1983 (*Monell* Liability for Failure to Train and Supervise as to Response to Sexual Harassment and Sexual Assault).**

44.     Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully below.

45.     Badillo was a "state actor" working for Defendant Edinburg CISD, a federally funded school system. Badillo failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from

harassment and discrimination. Defendant Edinburg CISD should have known that its response to sexual harassment and sexual assault must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

46.     Defendant Edinburg CISD and its agents each violated Plaintiff's right to equal access by:

      a.   Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual harassment and other inappropriate conduct, both before and after Plaintiff's complaints were reported;

      b.   Failing to take prompt and effective steps to end the sexual harassment and sexual assault, prevent its recurrence, and address its effects;

      c.   Failing to take steps to protect Plaintiff as necessary, including interim steps taken prior to the final outcome of any investigation; and,

      d.   Failing to use a preponderance of the evidence standard to resolve complaints of sexual harassment and sexual assault in grievance procedures.

47.     Defendant violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements. These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

48.     Defendant's actions and lack of actions were the proximate cause of Plaintiff's emotional distress, psychological damage, financial harm, and damage to Plaintiff's reputation and character in her community that she suffered from the harassment and assault fostered as a result

of Defendant's deliberate indifference to her right to equal protection under the Fourteenth Amendment.

**WHEREFORE,** Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff has and recovers from Defendant:

A.      Damages for past, present, and future pain and suffering and mental anguish endured by, or to be endured by, Plaintiff, which directly or proximately resulted from Defendant's actions, in an appropriate amount, not less than $25,000,000.00;

B.      Damages for past, present and future medical care and treatment of Jane Doe incurred as a result of the incident made the basis of this lawsuit;

C.      Punitive damages in such amount as may be found proper and just under the facts and circumstances of this case as determined by the jury. Because Plaintiff's harm arises in part from conduct described as a felony in the Texas Penal Code, an award of punitive damages is not subject to capping;

D.      Pre-judgment and post-judgment interest as provided by law;

E.      Costs of suit; and

F.      All such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff made a good faith effort to resolve this matter prior to the filing of this lawsuit. Plaintiff demands a trial by jury.

Respectfully Submitted,

**THE BUZBEE LAW FIRM**

By:     */s/ Anthony G. Buzbee*
Anthony G. Buzbee
Attorney-in-Charge
tbuzbee@txattorneys.com
State Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
cbrandfieldharvey@txattorneys.com
State Bar No. 24103540
Federal Bar No. 3323190
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**