IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-00309 |
| | § | (JURY REQUESTED) |
| | § | |
| EDINBURG CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
|     Defendant | § | |

**DEFENDANT EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO PARTIAL 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and files this its Answer to Plaintiff's Original Complaint Subject to Partial 12(b)(6) Motion to Dismiss and would respectfully show the Court the following:

**I.**

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

1. Defendant denies the allegations in paragraph 1 of Plaintiff's Original Complaint.

2. Defendant denies the allegations in paragraph 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Original Complaint.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Original Complaint.

6. Defendant denies the allegations contained in paragraph 6 of Plaintiff's Original Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Original Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 8 of Plaintiff's Original Complaint.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Original Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 10 of Plaintiff's Original Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 11 of Plaintiff's Original Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 12 of Plaintiff's Original Complaint.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Original Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Original Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Original Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 17 of Plaintiff's Original Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 18 of Plaintiff's Original Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 19 of Plaintiff's Original Complaint.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Original Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Original Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Original Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Original Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Original Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Original Complaint.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's Original Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Original Complaint.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Original Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Original Complaint.

37. Defendant denies the allegations in paragraph 37 of Plaintiff's Original Complaint.

38. The allegations in paragraph 38 of Plaintiff's Original Complaint call for a legal conclusion.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Original Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Original Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's Original Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Original Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Original Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Original Complaint.

45. Defendant denies the allegations in paragraph 45 of Plaintiff's Original Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Original Complaint.

47. Defendant denies the allegations in paragraph 47 of Plaintiff's Original Complaint.

48. Defendant denies the allegations in paragraph 48 of Plaintiff's Original Complaint.

49. Defendant denies Plaintiff is entitled to the relief and damages requested in Plaintiff's' Original Complaint.

## II.
## AFFIRMATIVE DEFENSES

50. Defendant asserts that in the event it is found to be a prevailing party, it is entitled to reasonable attorney's fees and costs at the discretion of the court.

51. Defendant asserts it is entitled to sovereign immunity from the claims raised by Plaintiff to the extent that such immunity has not been waived.

52. Defendant would affirmatively assert that Plaintiff cannot recover in her claims against Defendant because no policy, custom or practice having a causal relation to the alleged conduct complained of by Plaintiff has been adopted or promulgated by Defendant.

53. Defendant asserts that it had no actual notice of any abuse giving rise to Plaintiff's alleged claims and had no actual notice of any substantial risk that an abuse would occur with respect to Plaintiff.

54. Defendant asserts that it at no time acted with deliberate indifference as alleged by Plaintiff.

55. Defendant asserts that no employee of Defendant with supervisory authority over Francisco Badillo acted with deliberate indifference as alleged by Plaintiff.

56. Defendant asserts that it is immune from Plaintiff's claims for exemplary damages from Defendant.

57. Defendant asserts that Title IX does not provide for recovery of damages for alleged violations of any administrative requirements of Title IX.

58. Defendant asserts it cannot be found to have violated Title IX because it had adequate policies designed to prevent and correct harassment and, upon notice of the alleged sexual assault in plaintiff's complaint, Defendant took prompt and effective action to respond to plaintiff's report.

## III.
## JURY DEMAND

59. Defendant respectfully requests a trial by jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant EDINBURG

CONSOLIDATED INDEPENDENT SCHOOL DISTRICT prays that Plaintiff take nothing from this suit, that it be dismissed from this cause of action, that it recover its courts costs and attorneys' fees associated with prosecuting this matter, and that the court grant Defendant such other and further relief to which it may be entitled to, either at law or in equity.

Signed on September 16, 2019.

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos
Brownsville, Texas 78520
Telephone: (956) 547-7775
Facsimile: (956) 547-7773

By: /s/ Eduardo G Garza
   Eduardo G Garza
   State Bar No. 00796609
   USDC Adm. No. 20916
   Roman "Dino" Esparza
   State Bar No. 00795337
   USDC Adm. No. 22703
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on the attorneys listed below by Defendant's submission of this document to the U.S. District Court electronically to the DCECF system.

Anthony G. Buzbee
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, Texas 77002

/s/ Eduardo G Garza
   Eduardo G Garza

5