**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CA NO. 7:19-CV-00309 |
| | § | |
| | § | |
| | § | |
| EDINBURG CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT EDINBURG CISD TO RESPOND
TO FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION
AND SECOND REQUESTS FOR PRODUCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Jane Doe, asks the Court to compel Defendant, Edinburg CISD, to respond to Plaintiff's discovery requests. Plaintiff would respectfully show this Court the following:

**INTRODUCTION**

1. Plaintiff, Jane Doe, filed suit against Defendant, Edinburg CISD for Title IX and §1983 violations after one of its teachers at Robert Vela High School sexually assaulted Plaintiff on and off campus.

2. Discovery in this suit is governed by a Level 2 discovery-control plan. The discovery period will end on August 10, 2020.

3. This case is set for pre-trial conference on September 11, 2020.

**BACKGROUND**

4. On November 26, 2019, Plaintiff served Defendant with her First Requests for Production and First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure.

5.      On December 13, 2019, Plaintiff served Defendant with her Second Requests for Production and Second Set of Interrogatories in accordance with the Federal Rules of Civil Procedure.

6.      Defendant responded with improper objections to Plaintiff's discovery requests, refusing to produce documents and/or responding with incomplete and inadequate answers.

7.      In an attempt to confer in good faith, Plaintiff sent Defendant a letter on February 3, 2020 regarding discovery deficiencies, specifying exactly which of Defendant's Responses were deficient and respectfully asking Defendant to supplement pursuant to the Rules. ***See Exhibit A, Letter***. Plaintiff also asked Defendant to remove their improper objections. ***Id.*** Additionally, Plaintiff attached a draft of this motion to compel to the letter.

8.      Defendants supplemented with certain documents and supplemented answers to certain interrogatories on February 25, 2020 but Defendants are still withholding various documents and refusing to supplement answers to interrogatories.

9.      Defendant stated on February 25, 2020 that "We are still going over several documents and will supplement with additional information as soon as we can." ***See Exhibit B, E-Mail #1.***

10.     Defendants' counsel also spoke with Plaintiff's counsel via telephone explaining that they were in the process of preparing documents for production and would supplement promptly.

11.     Plaintiff followed up with Defendant via email inquiring as to the status of these documents on April 27, 2020.  ***See Exhibit C, E-Mail #2.***

12.     After receiving no response, Plaintiff followed up again via email on May 5, 2020 inquiring as to the status of documents and supplemental answers to interrogatories. ***See* Exhibit D, E-Mail #3.**

13.     To date, Defendant has not responded and Plaintiff is not in receipt of supplemental documents and answers to discovery that were previously requested.

14.     After trying to resolve the issue outside of Court, Plaintiff has no choice but to file this Motion to Compel.

## ARGUMENT & AUTHORITIES

15.     The purpose of discovery is to seek the truth, so disputes may be decided by what facts are revealed, not by what facts are concealed. *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 555 (Tex. 1990).[1] Discovery may be obtained about any matter relevant to the subject matter of the case. TEX. R. CIV. P. 192.3(a).[2] Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery under the Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

16.     A court may compel a party to respond adequately to Requests for Production. *See* FED. R. CIV. P. 37. Defendant did not respond adequately to Plaintiff's First and Second Requests

---

[1] While Texas law is not binding on this Court, the cases are persuasive.
[2] *Id.*

3

for Production and First Set of Interrogatories as required by the rules. Additionally,

Defendant's objections are improper.  Therefore, the Court should compel Defendant to

comply with the rule. The following responses by Defendant are inadequate for the

following reasons:

## FIRST REQUESTS FOR PRODUCTION:

2.    Please produce the personnel file for Rene Gutierrez.

**RESPONSE:**
Defendant objects to this request as seeking information that is irrelevant and not
reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of
Defendant's employee or former employee.

**PLAINTIFF'S REPLY:** Defendant's objections are improper. For one thing, the
objection is completely arbitrary as Defendant did not object to producing the personnel
file of former employee Francisco Coronado Badillo in First Request for Production No.
1. Secondly, Defendant has not explained how this request invades the personal privacy
rights of the employee nor has Defendant produced a privilege log. These documents are
relevant to shed light on what the employee knew about Badillo's conduct. Rene Gutierrez
was the Superintendent of Edinburg CISD. What he knows is extremely crucial to this case.
These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the
subject matter so long as it appears "reasonably calculated" to lead to the discovery of
admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig.
proceeding) (per curiam); TEX. R. CIV. P. 192.3.[3] The scope of discovery under Federal
Rules is broad. Unless otherwise limited by court order, the scope of discovery is as
follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense and proportional to the needs of the case, considering the
importance of the issues at stake in the action, the amount in controversy, the parties'
relative access to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and whether the burden or expense of the proposed
discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained
in the normal course of business, relate exclusively to the employee's capacity as an
employee, and are not available for any other purpose are subject to disclosure under
FERPA.

---

[3] Note: While Texas law is not binding on this Court, the cases are persuasive.

3.      Please produce the personnel file for Dr. Jennifer. Mendoza-Culberson.

**RESPONSE:**
Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

**PLAINTIFF'S REPLY:** Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in First Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct.

Upon information and belief, Dr. Jennifer Mendoza-Culberson is the administrator to whom Erika Martinez, former Robert Vela High School student, reported Badillo regarding his inappropriate behavior in February 2017. Ms. Culberson also had Martinez fill out an affidavit which has now mysteriously disappeared. What Ms. Culberson knows is extremely crucial to this case. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an employee, and are not available for any other purpose are subject to disclosure under FERPA.

4.      Please produce any and all security videos from Robert Vela High School for the 2016-2017 year.

**RESPONSE:**
Please See Exhibits B and C

5

**PLAINTIFF'S REPLY:**
Plaintiff requested security videos from Robert Vela High School for the entire 2016-2017 year. Defendant only produced two videos from May 24, 2017 and May 25, 2017.

This response is inadequate. Plaintiff respectfully requests that Defendant supplement.

5.     Documents reflecting any and all complaints of sexual abuse, sexual assault, assault, or mistreatment (to include lawsuits) that have allegedly occurred at Edinburg CISD over the past seven years, including documents reflecting the nature of the complaint, who complained, when the complaint was made, what investigation you did in response to the complaint, any action you took, and the final disposition of the complaint. DO NOT RESTRICT THIS REQUEST TO INCIDENTS INVOLVING STAFF.

**RESPONSE:**
Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's students and would potentially call for a violation of FERPA by Defendant.

**PLAINTIFF'S REPLY:** Defendant's objections are improper. These documents are possibly the most relevant of all the documents. These documents will show if Edinburg CISD was put on notice of previous assaults and/or harassment of students by teachers or staff. This will go to actual knowledge which is a key proponent of plaintiff's burden. Edinburg CISD knows this and the fact that Defendant is refusing to produce documents lends support to the fact that they are afraid of what these documents will reveal. Upon information and belief, Plaintiff knows of two previous incidents of inappropriate behavior by Edinburg CISD teachers which Plaintiff has disclosed to Defendants. Defendant should in turn disclose what it has in its possession.

Furthermore, Defendant's FERPA objection is improper. FERPA's purpose is to prohibit disclosure of *education records* to third parties unless the school obtains prior written parental consent for such disclosure, or an exception to the consent requirement applies. What constitutes an education record is where Defendant's objection fails. Education records are records that are (1) directly related to a student, and (2) maintained by an educational agency or a party acting on behalf of the educational agency. *See also* 34 C.F.R. §300.611(b). Whether a document is an educational record under FERPA depends on who maintains it, not who created it.

To be "maintained" by the school, and thus covered by FERPA, the record must be kept in one place with a single record of access. *Owasso Indep. Sch. Dist. v. Falvo*, 36 IDELR 62 (U.S. 2002). Thus, records maintained briefly by staff, such as a student's assignments, do not qualify as education records.

6

*See, e.g.*, *Saddleback Valley Unified Sch. Dist.*, 57 IDELR 298 (SEA California 2011)(incident reports of a student's injuries maintained by school's risk management department were not educational records).

Complaints of sexual abuse are not education records and therefore are not prohibited by FERPA. For one thing, some of the sexual abuse complaints could relate to staff on staff abuse, who are not students. Plaintiff's request did not limit the complaints to solely those of students. Additionally, most of these complaints regarding sexual abuse were possibly reported to law enforcement as the Edinburg CISD Police Department is the agency that investigates these types of incidents. The term "education record" does *not* include records maintained by a law enforcement unit of the educational agency, created for the purpose of law enforcement, if maintained separately from education records, maintained solely for law enforcement purposes, and disclosed only to other members of a school police force. 34 C.F.R. §99.8.

9.    Please provide any policy or procedure pertaining to the alleged conduct of Francisco Coronado Badillo.

**RESPONSE:**
Defendant objects to this request as being overly broad, vague and confusing.

**PLAINTIFF'S REPLY:**
Defendant's objection is improper. Plaintiff's request is neither broad, vague or confusing. Plaintiff is requesting the District's policy regarding sexual abuse of minor students. Plaintiff is requesting the specific policy by the District that prohibits such conduct. If Defendant does not have such a policy, then Defendant should state "none".

11.   Please provide a copy of any policy or procedure that addresses absence of a student from class.

**RESPONSE:**
There is no specific policy that sets out a specific procedure for removing students from a classroom. Students can be removed by administration, security or campus police for official school district related issues. Teachers are given the discretion as to whether or not they permit a student to be temporarily excused from class for extra-curricular activities or some other academic need but there are no sanctioned situations where students are removed from class to be taken to an isolated area as opposed to an ongoing class or the office. Hall monitors, security guards and police officers are on campus for the protection of students and staff.

**PLAINTIFF'S REPLY:** Defendant's response is inadequate as it did not answer the question being asked. Plaintiff requested policies that address absence of students from class not removal. Defendant has copied and pasted its answer from a previous request.

Defendant needs to clarify its response and/or supplement promptly. If Defendant has no such policy, then Defendant needs to state "none".

12.   Please produce all non-privileged documents pertaining to any investigation you performed as a result of the allegations in this case.

**RESPONSE:**
Please see the attached exhibits

**PLAINTIFF'S REPLY:** Defendant has not specified which exhibits are related to this response. Defendant has not specified the bates number.

13.   Please produce documents demonstrating any and all complaints received by you pertaining to the conduct of Francisco Coronado Badillo.

**RESPONSE:**
None prior to the documents attached hereto.

**PLAINTIFF'S REPLY:** Per Erika Martinez's January 24, 2020 Declaration, which was produced to Defendant previously, Ms. Martinez filled out an affidavit for school administrator Ms. Culberson regarding Badillo's inappropriate behavior towards her in February of 2017. According to Ms. Martinez's declaration, a friend accompanied her on this visit to report Mr. Badillo to the administrator.  Defendant needs to produce such affidavit as it is pertinent to this case and goes towards the District's knowledge of Badillo's behavior towards minor students.

21.   Please produce the personnel file for Jessica Garcia Badillo.

**RESPONSE:**
Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

**PLAINTIFF'S REPLY:** Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in First Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct. The documents are even more relevant as Jessica Badillo was the wife of Francisco Badillo. She would have specific knowledge as to Mr. Badillo's behavior. **Additionally, Francisco used his wife's classroom when he assaulted Plaintiff.** What Ms. Badillo knows is extremely crucial to this case. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an employee, and are not available for any other purpose are subject to disclosure under FERPA.

22.    Please produce the personnel file for Francisco Lumbreras.

**RESPONSE:**
Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

**PLAINTIFF'S REPLY:**
Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in First Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct.

The documents are even more relevant as Mr. Lumbreras was Mr. Badillo's supervisor. He was tasked with overseeing Mr. Badillo and his day to day duties. He would have specific knowledge of misconduct. What Mr. Lumbreras knows is extremely crucial to this case. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an employee, and are not available for any other purpose are subject to disclosure under FERPA.

---

## SECOND REQUESTS FOR PRODUCTION

23.   Please produce the personnel file for Noemi Vela.

**RESPONSE:**

Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

## PLAINTIFF'S REPLY:

Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in First Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct.

The documents are even more relevant as Ms. Vela was one of Plaintiff's teachers and she was a witness to Mr. Badillo removing Plaintiff from her class. What Ms. Vela knows is extremely crucial to this case. Ms. Vela also gave a statement to Edinburg CISD Police regarding this incident. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an employee, and are not available for any other purpose are subject to disclosure under FERPA.

24.    Please produce the personnel file for Jesus Angel Sanchez.

**RESPONSE:**

Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

**PLAINTIFF'S REPLY:**

Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in First Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct.

The documents are even more relevant as Mr. Sanchez was the one who unlocked the door to Ms. Badillo's classroom at the request of Mr. Badillo when he sexually assaulted Plaintiff. What Mr. Sanchez knows is extremely crucial to this case. Mr. Sanchez also gave a statement to Edinburg CISD Police regarding this incident. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an employee, and are not available for any other purpose are subject to disclosure under FERPA.

25.     Please produce the personnel file for Rosa Maria Bernal.

**RESPONSE:**

Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

**PLAINTIFF'S REPLY:**

Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in First Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct.

The documents are even more relevant as Ms. Bernal was the assistant principal of Robert Vela High School at the time of the incident. She has knowledge of Plaintiff's outcry regarding the assaults on May 25, 2017. What Ms. Bernal knows is extremely crucial to this case. Ms. Bernal also gave a statement to Edinburg CISD Police regarding this incident. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an

employee, and are not available for any other purpose are subject to disclosure under FERPA.

26.  Please produce the personnel file for Alyssa Ramirez.

**RESPONSE:**

Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's employee or former employee.

**PLAINTIFF'S REPLY:**
Defendant's objections are improper. For one thing, the objection is completely arbitrary as Defendant did not object to producing the personnel file of former employee Francisco Coronado Badillo in Request for Production No. 1. Secondly, Defendant has not explained how this request invades the personal privacy rights of the employee nor has Defendant produced a privilege log. These documents are relevant to shed light on what the employee knew about Badillo's conduct.

The documents are even more relevant as Ms. Ramirez was one of Plaintiff's teachers and she was a witness to Mr. Badillo removing Plaintiff from her class. What Ms. Ramirez knows is extremely crucial to this case. Ms. Ramirez also gave a statement to Edinburg CISD Police regarding this incident. These documents go towards knowledge which is a key element of Plaintiff's claim.

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter so long as it appears "reasonably calculated" to lead to the discovery of admissible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985, orig. proceeding) (per curiam); TEX. R. CIV. P. 192.3. The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Furthermore, records relating to an employee of the educational agency that are maintained in the normal course of business, relate exclusively to the employee's capacity as an employee, and are not available for any other purpose are subject to disclosure under FERPA.

27.  Please produce all records pertaining to the investigation of Miguel Condes for the sexual assault of a minor student from Harwell Middle School in 2013.

**RESPONSE:**

Defendant objects to this request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this request as seeking to invade the personal privacy rights of Defendant's students and would potentially call for a violation of FERPA by Defendant.

**PLAINTIFF'S REPLY:**

Defendant's objections are improper. These documents are possibly the most relevant of all the documents. These documents will show if Edinburg CISD was put on notice of previous assaults and/or harassment of students by teachers or staff and yet did nothing to prevent future assaults. This will go to actual knowledge which is a key proponent of plaintiff's burden. Edinburg CISD knows this and the fact that Defendant is refusing to produce documents lends support to the fact that they are afraid of what these documents will reveal.

This incident with Miguel Condes is public knowledge as it was reported in the local news and there are court documents available to the public. Defendant should in turn disclose what it has in its possession.

Furthermore, Defendant's FERPA objection is improper. FERPA's purpose is to prohibit disclosure of ***education records*** to third parties unless the school obtains prior written parental consent for such disclosure, or an exception to the consent requirement applies. What constitutes an education record is where Defendant's objection fails. Education records are records that are (1) directly related to a student, and (2) maintained by an educational agency or a party acting on behalf of the educational agency. *See also* 34 C.F.R. §300.611(b). Whether a document is an educational record under FERPA depends on who maintains it, not who created it.

To be "maintained" by the school, and thus covered by FERPA, the record must be kept in one place with a single record of access. *Owasso Indep. Sch. Dist. v. Falvo*, 36 IDELR 62 (U.S. 2002). Thus, records maintained briefly by staff, such as a student's assignments, do not qualify as education records.

*See, e.g.*, *Saddleback Valley Unified Sch. Dist.*, 57 IDELR 298 (SEA California 2011)(incident reports of a student's injuries maintained by school's risk management department were not educational records).

Complaints of sexual abuse are not education records and therefore are not prohibited by FERPA. Additionally, most of these complaints regarding sexual abuse were possibly reported to law enforcement as the Edinburg CISD Police Department is the agency that investigates these types of incidents. The term "education record" does *not* include records maintained by a law enforcement unit of the educational agency, created for the purpose of law enforcement, if maintained separately from education records, maintained solely for

14

law enforcement purposes, and disclosed only to other members of a school police force. 34 C.F.R. §99.8.

---

## FIRST SET OF INTERROGATORIES:

5.   State how many sexual assaults against your students by your employees were reported between the years of 2013-2019.

 **ANSWER:**

 Defendant objects to this interrogatory as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

 Defendant further objects to this interrogatory as seeking to invade the personal privacy rights of Defendant's students and would call for a violation of FERPA by Defendant.

**PLAINTIFF'S REPLY:**
Defendant's objections are improper. These documents are possibly the most relevant of all the documents. These documents will show if Edinburg CISD was put on notice of previous assaults and/or harassment of students by teachers or staff. This will go to actual knowledge which is a key proponent of plaintiff's burden. Edinburg CISD knows this and the fact that Defendant is refusing to produce documents lends support to the fact that they are afraid of what these documents will reveal. Upon information and belief, Plaintiff knows of two previous incidents of inappropriate behavior by Edinburg CISD teachers which she has disclosed to Defendants. One of these incidents is public knowledge. Defendant should in turn disclose what it has in its possession.

Furthermore, Defendant's FERPA objection is improper. FERPA's purpose is to prohibit disclosure of *education records* to third parties unless the school obtains prior written parental consent for such disclosure, or an exception to the consent requirement applies. What constitutes an education record is where Defendant's objection fails. Education records are records that are (1) directly related to a student, and (2) maintained by an educational agency or a party acting on behalf of the educational agency. *See also* 34 C.F.R. §300.611(b). Whether a document is an educational record under FERPA depends on who maintains it, not who created it.

To be "maintained" by the school, and thus covered by FERPA, the record must be kept in one place with a single record of access. *Owasso Indep. Sch. Dist. v. Falvo*, 36 IDELR 62 (U.S. 2002). Thus, records maintained briefly by staff, such as a student's assignments, do not qualify as education records.

*See, e.g.*, *Saddleback Valley Unified Sch. Dist.*, 57 IDELR 298 (SEA California 2011)(incident reports of a student's injuries maintained by school's risk management department were not educational records).

Complaints of sexual abuse are not education records and therefore are not prohibited by FERPA. Additionally, most of these complaints regarding sexual abuse were possibly reported to law enforcement as the Edinburg CISD Police Department is the agency that investigates these types of incidents. The term "education record" does *not* include records maintained by a law enforcement unit of the educational agency, created for the purpose of law enforcement, if maintained separately from education records, maintained solely for law enforcement purposes, and disclosed only to other members of a school police force. 34 C.F.R. §99.8.

## EXPENSES OF MOTION

17.     Plaintiff has incurred expenses in preparing and filing this motion to obtain relief. Under Fed. R. Civ. P. 37 (a)(5)(A), Plaintiff is entitled to reasonable expenses incurred in obtaining the order, including attorney's fees.

## CONCLUSION AND PRAYER

18.     For these reasons, Plaintiff respectfully asks the Court to compel Defendant Edinburg CISD to file adequate responses to Plaintiff's discovery requests and order Defendant to pay Plaintiff for reasonable expenses incurred in filing this motion, including attorney's fees. Pursuant to Local Rule 7.1(c), a proposed order granting the requested relief is attached hereto.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
Attorney-in-Charge
tbuzbee@txattorneys.com
State Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
cbrandfieldharvey@txattorneys.com
State Bar No. 24103540
Federal Bar No. 3323190

16

600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

Aaron I. Vela
LAW OFFICE OF AARON I. VELA, P.C.
200 East Cano
Edinburg, Texas 78539
(956) 381-4440 – Telephone
(956) 381-4445 – Facsimile
aaron@velalaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D), I hereby aver that on April 27, 2020, I once again emailed counsel for Defendant regarding the discovery deficiencies without court intervention. Thereafter, Plaintiff received no response. On May 5, 2020, I informed Defendant's counsel that Plaintiff would be filing a motion to compel shortly if discovery was not supplemented. Thereafter, Plaintiff received no response from Defendant's counsel. The parties are therefore unable to reach an agreement on this matter.

*/s/   Cornelia   Brandfield-Harvey*
Cornelia Brandfield-Harvey

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Federal Rules of Civil Procedure on May 12, 2020.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey