# THE BUZBEE LAW FIRM

*www.txattorneys.com*

February 3, 2020



*Via E-Mail:*
Eddie Esparza
Dino Esparza
ESPARZA & GARZA, L.L.P.
964 E. LOS EBANOS BLVD.
BROWNSVILLE, TEXAS 78520
TEL (956) 547-7775
FAX (956) 547-7773
eddie@esparzagarza.com
dino@esparzagarza.com

Re:     *CAUSE NO. 7:19-CV-00309; Jane Doe v. Edinburg CISD; In the United States District Court for the Southern District of Texas, McAllen Division.*

Dear Counsel:

This letter shall serve as a request for amendment or supplementation of *Defendant Edinburg CISD's Responses to Plaintiff's First Set of Interrogatories, Defendant Edinburg CISD's Responses to Plaintiff's Request for Production and Defendant Edinburg CISD's Responses to Plaintiff's Second Set of Request for Production* (the "Responses") served upon Plaintiff on January 17, 2020.

Defendant's Responses are deficient, specifically First Set of Interrogatories **Nos. 2, 5, 8,** First Requests for Production **Nos. 2, 4, 5, 9**, **11, 12, 13, 21** and **22** and Second Requests for Production **Nos. 23, 24, 25, 26, 27,** and **28.** *See* Motion to Compel attached.

A party who has made a disclosure under FED. R. CIV. P. 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court. FED. R. CIV. P. 26(e)(1)(A)-(B).

The purpose of discovery is to allow the parties to obtain full knowledge of the issues and facts of the lawsuit. *West v. Solito*, 563 S.W.2d 240, 243 (Tex. 1978).[1]  This is so that disputes are decided by what the facts reveal, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798

---

[1] Note: While Texas law is not binding on the court, these cases are persuasive**.**

S.W.2d 550, 555 (Tex. 1990).[2] The scope of discovery under Federal Rules is broad. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. (b)(1).

Plaintiff hereby requests that Defendant serves amended or supplemental responses no later than **February 10, 2020**. If the responses are not timely received, Plaintiff shall seek redress from the Court by way of the attached motion to compel.

Please feel free to contact me if you wish to discuss these matters in further detail.

Sincerely,

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
Cornelia Brandfield-Harvey
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300
Houston, Texas 77002
(713) 223-5393 – Telephone
(713) 223-5909 – Facsimile
tbuzbee@txattorneys.com
cbrandfieldharvey@txattorneys.com
www.txattorneys.com

Aaron I. Vela
LAW OFFICE OF AARON I. VELA, P.C.
200 East Cano
Edinburg, Texas 78539
(956) 381-4440 Telephone
(956) 381-4445 Facsimile
aaron@velalaw.com

---

[2] *Id.*

2