IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CA NO. 7:19-CV-00309 |
| | § | |
| | § | |
| | § | |
| EDINBURG CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S REPLY TO DEFENDANT EDINBURG CISD'S RESPONSE TO MOTION TO COMPEL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Jane Doe, and files her Reply to Defendant Edinburg CISD's Response to Motion to Compel. Plaintiff would respectfully show this Court the following:

**I.   ARGUMENT AND AUTHORITIES**

It is curious that Defendant claims it has been compliant and forthcoming with documents throughout the discovery process. This claim is factually inaccurate. Defendant failed to mention in its Response to Plaintiff's Motion that Plaintiff was required to send a discovery deficiency letter when Defendant refused to produce documents and answer interrogatories after lodging improper objections. *Only after* Plaintiff sent the discovery deficiency letter and informed Defendant it was filing a motion to compel did Defendant supplement with some more documents and supplement some answers to interrogatories. Furthermore, Plaintiff also produced a declaration by Erika Martinez, a former Robert Vela High School student, who filed a formal complaint against Francisco Badillo, the teacher who sexually assaulted the Plaintiff in this case

1

and who was ultimately convicted in August 2019 and sentenced to prison for the incidents made the basis of this lawsuit.

In the declaration, Ms. Martinez stated she filled out an affidavit in the presence of former Assistant Principals of Robert Vela High School, Jennifer Culbertson and Francisco Lumbreras, in April 2017, before Jane Doe's incidents with Mr. Badillo. Defendant had claimed that no such affidavit existed in its initial responses to Plaintiff's requests, which was false. Once again, *only after* Plaintiff produced the declaration by Ms. Martinez did Defendant then supplement the affidavit and formal complaint filed by Ms. Martinez which was apparently in its possession all along. To that end, this conduct leads Plaintiff to wonder what other documents Defendant has in its possession that it claims it does not possess.

Defendant also conveniently failed to mention that Defendant's counsel called Plaintiff's counsel back in February 2020 and during the telephone conversation, Defendant stated it was in the process of gathering the teachers' personnel files to produce to Plaintiff but they would have to redact certain information and mentioned that the files were quite large and it would take some time to produce them to Plaintiff. Plaintiff took Defendant's counsel at his word that they would produce documents. Now, Defendant is saying that it is flat out refusing to produce such files when they are pertinent to this case.

These personnel files are highly relevant as the teachers from whom Plaintiff requests the files were interviewed by the police for this incident and provided sworn affidavits pertaining to the incident. These teachers personally knew Plaintiff. Upon information and belief, certain teachers filed complaints against Francisco Badillo which would be included in their personnel files. Furthermore, any disciplinary history of the teachers would be included in their personnel files. This disciplinary history is highly relevant as it goes to show whether these teachers were

following the rules to keep children safe from a hostile learning environment and an environment free of abuse. These personnel files will also show possible criminal history of the teachers which goes towards safety and the type of staff Edinburg CISD employs to be around minor children. Defendant had no problem producing Mr. Badillo's personnel file to Plaintiff upon request and so its objections to the other teachers' personnel files are exceedingly arbitrary.

For example, Mr. Lumbreras testified in his deposition that he was not disciplined for Jane Doe's incident while at Edinburg CISD. Mr. Lumbreras has since now retired. Mr. Lumbreras put his disciplinary history into question and Plaintiff is entitled to his personnel files to see whether Mr. Lumbreras is telling the truth. Mr. Lumberas was Mr. Badillo's supervisor during the incident and so his personnel files are even more significant.

Regardless, Defendant's objections are improper as Plaintiff explained in her motion to compel as her requests do not violate privacy rights nor do they violate the Family Educational Rights and Privacy Act (FERPA). *See Plaintiff's Motion to Compel on file with this Court, pp. 4, 5, 6,* Notably, Defendant did not provide an argument to dispute Plaintiff's explanation for why her requests do not violate FERPA in her Motion to Compel. *See Defendant's Response on file with this Court, p.4.* Defendant simply makes a blanket statement that "personal privacy rights" are "invaded" without any further support for the argument.

The 2013 sexual assault investigation against Miguel Condes, a former Edinburg CISD teacher, is very much related as well as other prior complaints against staff and students at Edinburg CISD as it goes towards notice, which is a key component of a Title IX cause of action. Prior complaints are highly relevant. Miguel Condes was convicted of an improper relationship between an educator and student on December 11, 2013 after he sexually abused a minor female student at Harwell Middle School in March 2013. If Defendant Edinburg CISD was on notice of

3

prior sexual assaults of minor students by Edinburg CISD teachers and/or students, which it seems is the case, and yet did nothing to prevent future incidents such as Jane Doe's in this case, then this is something Plaintiff is entitled to know.  Furthermore, certain policies Edinburg CISD had in place goes toward Plaintiff's claims as Plaintiff needs to show whether Edinburg CISD had an adequate policy in place to prevent sexual abuse and whether Edinburg CISD did anything to change or improve that policy after several sexual assaults at the school prior to Jane Doe's incident. The prior incidents may involve different employees and different students but it involves the same organization, Edinburg CISD, the Defendant in this case. Plaintiff is already aware of two prior incidents of sexual assault involving teachers and minor students at Edinburg CISD to which Plaintiff has made Defendant aware, one resulting in a conviction and one resulting in a civil lawsuit.  The civil lawsuit involved a minor male student Matthew Twist against a female teacher Catherine Norquest who sexually abused the student in 1999-2000 while a teacher at Edinburg North High School. Defendant needs to be forthcoming just as Plaintiff has been throughout this process.  These complaints are all interrelated to show whether there was a systemic problem at Edinburg CISD of sexual assault and sexual harassment.

## II.    CONCLUSION

Plaintiff is always willing to confer in good faith with Defendant's counsel regarding discovery disputes. However, when Defendant continues to improperly withhold documents that frustrates Plaintiff's counsel's ability to effectively and properly litigate this case, Plaintiff respectfully submits that a Court order compelling Defendant to produce documents and respond to interrogatories is necessary.

5

THEREFORE, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion to Compel and ORDER Defendant to immediately comply with its discovery obligations by fully responding to Plaintiffs' discovery requests.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
  Anthony G. Buzbee
  Attorney-in-Charge
  tbuzbee@txattorneys.com
  State Bar No. 24001820
  Federal Bar No. 22679
  Cornelia Brandfield-Harvey
  cbrandfieldharvey@txattorneys.com
  State Bar No. 24103540
  Federal Bar No. 3323190
  600 Travis, Suite 7300
  Houston, Texas 77002
  Telephone: (713) 223-5393
  Facsimile: (713) 223-5909

  Aaron I. Vela
  LAW OFFICE OF AARON I. VELA, P.C.
  200 East Cano
  Edinburg, Texas 78539
  (956) 381-4440 – Telephone
  (956) 381-4445 – Facsimile
  aaron@velalaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all counsel of record in accordance with the Federal Rules of Civil Procedure on June 1, 2020.

  */s/ Cornelia Brandfield-Harvey*
  Cornelia Brandfield-Harvey