IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JANE DOE,<br>Plaintiff | § § § § | |
| Vs. | § § | Civil Action No.: 7:19-CV-00309 |
| EDINBURG CONSOLIDATED<br>INDEPENDENT SCHOOL DISTRICT<br>Defendant | § § § § | |

## NON-PARTY HIDALGO COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

NOW COMES THE STATE OF TEXAS BY AND THROUGH THE OFFICE OF THE HIDALGO COUNTY CRIMINAL DISTRICT ATTORNEY, RICARDO RODRIGUEZ JR., hereinafter "DA's Office" or "Movant", and files this, its Motion to Quash and Motion for Protective Order from Plaintiff's Notice of Intention to Take Deposition by Written Questions and Subpoena Duces Tecum, hereinafter "the Subpoena", that was served on the DA's Office, a non-party to this suit, and in support thereof would respectfully show unto the Court the following:

### A. BACKGROUND

On May 28, 2020, Plaintiff served the attached Subpoena on the DA's Office, seeking answers of certain questions being propounded to the witness and to bring and produce **"A request for records of: Jane Doe DOB: 11/03/2000 SSN: XXX-XX-5637. We are requesting: The entire investigative file, including but not limited to incident report(s), records, files, case notes, field notes, measurements, witness statement(s), photos (color if available), video and/or audio tapes and any other type documents contained in your**

1

**files and/or offices pertaining to Case # CR-4214-17-G."** *See* Exhibit "A". The DA's Office is not a party to this suit.

## B. OBJECTIONS

The DA's Office objects to the subpoena as the documents requested for production are confidential and Plaintiff has not met her burden to establish that these documents are subject to release under applicable law and/or exceptions to required confidentiality provisions of the Texas Family Code. Thus, the DA's Office requests that the Subpoena be quashed, and requests that this Court enter a protective order for information sought, forbidding its disclosure or discovery.

## C. ARGUMENT & AUTHORITIES

The DA's Office objects to the subpoena to the extent it exceeds information that require the disclosure of privileged or other protected matter. *See* Fed. R. Civ. P. § 45(d)(3). More specifically, the DA's Office asks the Court for a protective order because the request seeks the production of documents which are confidential and protected under the Texas Family Code. *See* Tex. Fam. Code § 261.201; Fed. R. Civ. P. 26(c). Texas Family Code § 261.201, states in pertinent part that . . . the following information is confidential, is not subject to public release ... and may be disclosed only for purposes consistent with [the Texas Family Code] and applicable federal or state law or under rules adopted by an investigating agency:

> (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and
> (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

Tex. Fam. Code Ann. § 261.201(a)(West).

This section further states that while information is generally considered confidential, it also may be released in certain circumstances, including that:

> (b) A court may order the disclosure of information that is confidential under this section if:
> (1) a motion has been filed with the court requesting the release of the information;
> (2) a notice of hearing has been served on the investigating agency and all other interested parties; and
> (3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:
> (A) essential to the administration of justice; and
> (B) not likely to endanger the life or safety of:
> (i) a child who is the subject of the report of alleged or suspected abuse or neglect;
> (ii) a person who makes a report of alleged or suspected abuse or neglect; or
> (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.
>
> and:
>
> (c) In addition to Subsection (b), a court, on its own motion, may order disclosure of information that is confidential under this section if:
> (1) the order is rendered at a hearing for which all parties have been given notice;
> (2) the court finds that disclosure of the information is:
> (A) essential to the administration of justice; and
> (B) not likely to endanger the life or safety of:
> (i) a child who is the subject of the report of alleged or suspected abuse or neglect;
> (ii) a person who makes a report of alleged or suspected abuse or neglect; or
> (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child; and
> (3) the order is reduced to writing or made on the record in open court.

Tex. Fam. Code Ann. §§ 261.201(b)-(c)(West).

In addition to the above-referenced exception, the DA's Office may release information that is typically confidential under these provisions to various individuals with a special right of access, including a parent or guardian who has not been accused of the abuse made the basis of the investigation, and an attorney and/or other representative who produces authorizations to access these documents executed by each parent and/or guardian of the child or children. *See* Tex. Fam. Code § 261.201(k).

Because of the nature of the underlying incident, documents in possession of the DA's Office related to its investigation are subject to the confidentiality provisions of Texas Family Code § 261.201. Furthermore, the DA's Office is not aware of any court ordered release of the information, nor has the requesting party provided the DA's Office with authorizations from all parents and guardians permitting the release of these documents. Since there is no evidence that any exceptions to the confidentiality provisions are applicable to the release of these documents, the DA's Office asserts that it is not permitted to release them at this time. Therefore, upon good cause shown, the DA's Office requests that the Court issue a protective order forbidding the disclosure and/or discovery of the information requested.

The DA's Office asks the Court for a Protective Order to the extent the subpoena is not appropriate and does not comply with the Federal Rules of Civil Procedure and/or any other provisions referenced herein.

### C. CONCLUSION

The Subpoena seeks the productions of privileged or other protected matters for which no exception or waiver applies. As a result, pursuant to Rule 45(d)(3), it is mandatory that the Subpoena be quashed or modified.

## D. PRAYER

WHEREFORE, PREMISES CONSIDERED, THE STATE OF TEXAS BY AND THROUGH THE HIDALGO COUNTY DISTRICT ATTORNEY'S OFFICE prays that the Deposition by Written Questions and Subpoena with attached request for records served upon the Office of the Hidalgo County Criminal District Attorney be quashed, asks the Court to issue an order of protection by granting the relief requested in this motion, and for such other and further relief to which they may show themselves to be entitled.

Respectfully Submitted,

Office of Criminal District Attorney
**RICARDO RODRIGUEZ, JR.**
100 N. Closner, Room 303
Hidalgo County Courthouse
Edinburg, Texas 78539
(956)-292-7609 Telephone
(956)-292-7619 Facsimile

By:/s/*Jacqueline Villarreal*
Victor M. Garza
State Bar No. 24029569
Federal ID No. 2032779
Assistant District Attorney
Jacqueline Villarreal
State Bar No. 24093261
Federal ID No. 2963102
Assistant District Attorney
**MOVANT**

## CERTIFICATE OF CONFERENCE (Motion to Quash)

    I certify that on June 11, 2020, I attempted to confer with Cornelia Brandfield-Harvey, but did not receive a response from her at the time of this filing. I presume she opposes this Motion to Quash. *See* Federal Rule of Civil Procedure 37 (a)(1).

*/s/ Jacqueline Villarreal*
Jacqueline Villarreal

**CERTIFICATE OF CONFERENCE (Protective Order)**

I certify that on June 11, 2020, I, in good faith attempted to confer with Cornelia Brandfield-Harvey I attempted to confer with Cornelia Brandfield-Harvey, but did not receive a response from her at the time of this filing. I presume she opposes the Motion for Protective Order. *See* Federal Rule of Civil Procedure 26 (c)(1).

*/s/ Jacqueline Villarreal*
Jacqueline Villarreal

## CERTIFICATE OF SERVICE

I certify that Non-Party Hidalgo County District Attorney's Office's Motion to Quash and Motion for Protective Order was filed electronically with the Clerk of the Court using the CM/ECF system, which is intended to deliver notification of the filing to all counsel and parties of record and which is in compliance with Fed. Rule of Civ. Pro. 5(b). In accordance with the Federal Rules of Civil Procedure, this motion has been served to the following counsel of record:

Cornelia Brandfield-Harvey
Anthony G. Buzbee
The Buzbee Law Firm
600 Travis. Suite 7300
Houston, Texas 77002
**Counsel for Plaintiff Jane Doe**

David Campbell
Michael R. Salinas
O'Hanlon Demerath & Castillo
808 West Ave.
Austin, Texas 78701
**Counsel for Defendant Edinburg Consolidated Independent School District**

Eduardo Garza
Roman Dean Esparza
Esparza & Garza LLP
964 E Los Ebanos Blvd.
Brownsville, Texas 78520
**Counsel for Defendant Edinburg Consolidated Independent School District**

*/s/ Jacqueline Villarreal*
Jacqueline Villarreal