IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JANE DOE | : | |
| | : | |
| V | : | CIVIL ACTION NO. 7:19-CV-00309 |
| | : | |
| EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | : | |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendant by and through their attorney(s) of record: **David Campbell (O'Hanhon Demerath & Castillo), Eduardo Garza (Esparza & Garza LLP), Michael R. Salinas (O'Hanhon Demerath & Castillo) and Roman Dean Esparza (Esparza & Garza LLP)**
To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**EDINBURG CISD POLICE DEPARTMENT (Investigative)**
**411 N. 8TH AVENUE, EDINBURG, TX 78539**

**THE CITY OF EDINBURG POLICE DEPARTMENT (Investigative)**
**1702 S. CLOSNER BLVD, EDINBURG, TX 78539**

before a Notary Public for    **Ross Reporting Services, Inc.**
**11706 Playa Court**
**Houston, TX 77034**
**281-484-0770   Fax 281-484-1140**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control whether transferred and/or provided by digital or electronic medium, of the said witness, and every such record to which the witness may have access, pertaining to:

**AN INCIDENT WHICH OCCURRED ON/OR ABOUT 03/14/2013**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

| | |
|---|---|
| *Cornelia Brandfield Harvey* | *Anthony D. Buzbee* |
| Cornelia Brandfield-Harvey | Anthony G. Buzbee |
| The Buzbee Law Firm | The Buzbee Law Firm |
| 600 Travis, Suite 7300 | 600 Travis, Suite 7300 |
| Houston, TX 77002 | Houston, TX 77002 |
| 713-223-5393   Fax 713-223-5909 | 713-223-5393   Fax 713-223-5909 |
| Attorney for Plaintiff | Attorney for Plaintiff |
| SBA # 24103540 | SBA # 24001820 |

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: June 3, 2020                                by _____

Order No. **123969**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JANE DOE | : |
| | : |
| V | : CIVIL ACTION NO. 7:19-CV-00309 |
| | : |
| EDINBURG CONSOLIDATED | : |
| INDEPENDENT SCHOOL DISTRICT | : |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **EDINBURG CISD POLICE DEPARTMENT**
Records Pertaining To: **AN INCIDENT WHICH OCCURRED ON/OR ABOUT 03/14/2013**
Type of Records: **The entire investigative file, including but not limited to incident report(s), records, files, case notes, field notes, measurements, witness statement(s), photos (color if available), video and/or audio tapes and any other type documents contained in your files and/or offices pertaining to a sexual assault and improper relationship between an educator and student while a teacher at Harwell Middle School: Miguel Kohut Condes: DOB: 06/22/1987; DOI: 03/14/2013; Arrest Date: 03/18/2013; Internal Agency number: 13-13688;**

1. Please state your full name, business address, telephone number and occupation.

   Answer: _____

2. Did you receive a subpoena to produce and/or provide for inspection and photocopying any and all records?

   Answer: _____

3. Are these records under your care, supervision, direction, custody or subject to your control?

   Answer: _____

4. In your capacity as Custodian of Records, state if it is in the regular practice of your business activity to keep records, and if so, if such records are kept in the course of your regularly conducted business activity.

   Answer: _____

5. Were these records made and kept in the regular course of your business? ("Business" means any kind of regularly organized activity, whether conducted for profit or not.)

   Answer: _____

6. Please state whether or not it was in the regular course of business for a person with knowledge of the acts, events, conditions, opinions, or diagnosis recorded to make the record or to transmit information thereof to be included in such record.

   Answer: _____

7. Were these records made at or near the time of the act event or condition recorded on these records, or reasonably soon thereafter?

   Answer: _____

123969.001

8. Are you able to identify these records as the original or true and correct photostatic copies of the original?

Answer: _____

9. Please hand exact duplicates of all such records as outlined in the subpoena duces tecum or the originals thereof for photocopying and/or inspection to the Notary Public taking this deposition. (This will be at no expense to you, and the officer will return the original of your records to you after they have been inspected and copied. Please be advised that it may be necessary to subpoena you or your employer to court at the time of trial of this case if you have not provided to the Notary Public taking your deposition ALL papers, documents, records, correspondence, or tangible matters as outlined in the subpoena.) Have you complied?

Answer: _____

10. If not, why not?

Answer: _____

11. Was the method of preparation of these records trustworthy?

Answer: _____

12. Do you understand that failure to comply with the request to produce all responsive records could result in penalties and sanctions by the Court?

Answer: _____

13. Are there any records that you have withheld from any part of your file (whether or not these records are original records produced by your office)? If so, please describe the records that are not produced or copied pursuant to the deposition and subpoena.

Answer: _____

14. Do you understand that each question you have answered is under oath and subject to the penalties of perjury?

Answer: _____

15. Are all of your answers true and correct and complete?

Answer: _____

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

123969.001

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

JANE DOE (
(
( CIVIL ACTION NO 7:19-CV-00309
(
(
V (
(
EDINBURG CONSOLIDATED (
INDEPENDENT SCHOOL DISTRICT (

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**To:** **EDINBURG CISD POLICE DEPARTMENT**
**411 N. 8TH AVENUE; EDINBURG, TX 78539**

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Ross Reporting Services, Inc. | Date and Time: **June 17, 2020 9:00 A.M. Central Standard** |
| 11706 Playa Court Houston, Texas 77034 | **Time and continuing until inspection is completed** |

The deposition will be recorded by this method: **Deposition by Written Questions**

☐*Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**The entire investigative file, including but not limited to incident report(s), records, files, case notes, field notes, measurements, witness statement(s), photos (color if available), video and/or audio tapes and any other type documents contained in your files and/or offices pertaining to a sexual assault and improper relationship between an educator and student while a teacher at Harwell Middle School: Miguel Kohut Condes: DOB: 06/22/1987; DOI: 03/14/2013; Arrest Date: 03/18/2013; Internal Agency number: 13-13688;**

**The provisions** of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.
Date: **June 3, 2020**

*CLERK OF COURT*

OR  *[signature: Anthony D. Buzbee]*

_____     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorneys representing Plaintiff: Jane Doe who issues or requests this subpoena, are Anthony G. Buzbee

**Order No. 123969.001**

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

(g) Contempt. The court for the district where compliance is required - also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.: