IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JANE DOE § | |
|     Plaintiff § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:19-CV-00309 |
| § | (JURY REQUESTED) |
| § | |
| EDINBURG CONSOLIDATED § | |
| INDEPENDENT SCHOOL DISTRICT § | |
|     Defendant § | |

**DEFENDANT EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT EDINBURG CISD'S RESPONSE TO MOTION TO COMPEL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**, Defendant in the above-styled and numbered cause, and files this its Response to Plaintiff's Reply to Defendant's Response to Motion to Compel and would respectfully show the Court the following:

**I.**

**DECLARATION OF ERIKA MARTINEZ**

1. On December 17, 2019, Plaintiff provided an interrogatory response to Defendant stating that Erika Martinez reported misconduct about Badillo in "February of 2017" and filled out an affidavit to memorialize the report (Please See Exhibit G attached hereto). In her reply to Defendant's Response to Plaintiff's Motion to Compel, Plaintiff suggests that Defendant has been deceptive with respect to the request for production seeking "the affidavit provided to Ms. Culbertson and/or an officer regarding Badillo's inappropriate conduct towards another female

1

student in 2017" (Request For Production 28 to Defendant to which Defendant originally answered "none" on January 17, 2020 with no objection).  Subsequent to this on January 24, 2020, Erika Martinez executed an affidavit that was produced to Defendant by Plaintiff which stated that she had reported Badillo to a school official sometime in February of 2017 (See Exhibit H).   Upon receipt of the January 24, 2020 affidavit Defendant conducted a subsequent search and Defendant's police department found a statement from Martinez dated April 24, 2017.  While Plaintiff only asked for the affidavit of Martinez produced to then principal Culbertson, Defendant voluntarily produced the complete investigative file regarding Martinez' complaint including the affidavit of Martinez which was produced to the Edinburg CISD Police Department.

## II.

## MIGUEL CONDES INVESTIGATION

2. With respect to Plaintiff's assertion that the investigation regarding Miguel Condes, former employee is relevant to this action, Defendant would submit that the investigation took place in 2013, involved a 7th grade middle school student, and involved the employee picking up the student at her home at night on a weekend.  Jane Doe is a high school student alleging conduct that occurred with a different employee in 2017 while at the high school.  As these matters are completely distinguishable from one another Defendant contends the evidence would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The Condes investigation is not a prior complaint of former employee Badillo.

3. Defendant would further assert that the requested information involves an investigation of abuse of a completely different minor student.  This type of information is undeniably extremely sensitive, personal and private.  While not directly related to our litigation, Defendant would argue that public policy would be in favor of non-disclosure as evidenced by the example of Section 261.201 of the Texas Family Code which states that information regarding the report of alleged or

suspected abuse or neglect is confidential and not subject to public release under Chapter 552 of the Government Code or disclosure without court order.

### III.

### DEFENDANT PRODUCED EVIDENCE OF ITS STEPS TO PREVENT SEXUAL ABUSE OF STUDENTS

4.   As to the allegation of Defendant doing anything to address or prevent situations of sexual assaults involving students, Defendant would respectfully refer the Court to the excerpts from the training video which was produced to Plaintiff and used by the District to train all of its employees each year. (Please See Exhibit I).  The video specifically addresses the prohibition of employee/student relationships, sexual harassment of students, and issues regarding solicitation of romantic relationships with students.  It also has videotaped scenarios of examples of prohibited conduct between employees and students.  To imply that Defendant has not been compliant in producing information responsive to Plaintiff's requests is simply incorrect.

### IV.
### PRAYER

5.   WHEREFORE, PREMISES CONSIDERED, Defendant EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT respectfully prays that the Court sustain Defendant's objections at issue and deny Plaintiff's Motion to Compel.  Defendant additionally seeks such other and further relief to which it may be entitled to, either at law or in equity.

Signed on June 18, 2020.

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos Blvd.
Brownsville, Texas 78520
Telephone:	(956) 547-7775
Facsimile:	(956) 547-7773

By: /s/ Eduardo G Garza
    Eduardo G Garza
    State Bar No. 00796609
    USDC ADM. No. 20916
    Roman "Dino" Esparza
    State Bar No. 00795337
    USDC ADM. No. 22703
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2020, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Defendant's submission of this document to the U.S. District Court electronically to the DCECF system:

/s/ Eduardo G Garza
    Eduardo G Garza